IN THE UNITED STATES DISTRICT COURT OF THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

IN RE: DIGITEK
    PRODUCTS LIABILITY LITIGATION

2:09-0498
MDL NO. 1968

## COMPLAINT BY ADOPTION FOR ALL INDIVIDUALS

1. Plaintiff(s), <u>WILLIAM J. YOUNG and CHERYL YOUNG</u>, state(s) their claims against Defendant(s), indicated below, and incorporate(s) by reference the relevant portions of the Master Consolidated Complaint for Individuals (the "Master Complaint") on file with the Clerk of the Court for the United States District Court for the Southern District of West Virginia, Charleston Division in the matter entitled <u>In Re DIGITEK PRODUCTS LIABILITY LITIGATION, Docket # MDL No. 08-1968.</u>

2. Plaintiff <u>WILLIAM J. YOUNG</u>, is a citizen and resident of <u>NORTH CAROLINA</u> and claims damages as set forth below.

    a. Plaintiff <u>CHERYL YOUNG</u>, is a citizen and resident of <u>NORTH CAROLINA</u>, and claims damages for loss of consortium. [Not Applicable: _____ ]

### ALLEGATIONS AS TO INJURIES

3. Plaintiff <u>WILLIAM J. YOUNG</u> has suffered injuries as a result of having been prescribed and/or ingested Digitek® (digoxin) marketed, designed, manufactured, produced, supplied and sold by Defendant(s). Defendant(s), listed below, by its/their actions or inactions proximately caused Plaintiff's injuries.

4. As a result of the injuries that Plaintiffs have sustained, they are entitled to recover compensatory, equitable and/or other relief.

5. In or around <u>February 2007</u> Plaintiff, William J. Young, had the above referenced

Digitek® prescribed by <u>DR. DOUGLAS BOYETTE</u> (if known) and the prescription was filled at <u>WAL-MART</u> beginning on <u>February 21, 2007</u> (if known).

6. As a result of the Defendant(s) actions, Plaintiffs suffered injury and damages as set forth in the Master Complaint.

7. To the extent that this Complaint by Adoption includes a claim for loss of consortium, Plaintiff <u>CHERYL YOUNG</u> is entitled to recover compensatory, equitable and/or other relief. [Not Applicable: _____ ]

## ALLEGATIONS AS TO DEFENDANTS

8. The following entity is named as Defendant herein and the allegations with regard thereto in the Master Complaint are herein adopted by reference.

    __X__ ACTAVIS TOTOWA, LLC

    __X__ ACTAVIS INC.

    __X__ ACTAVIS ELIZABETH, LLC

    __X__ MYLAN, INC.

    __X__ MYLAN PHARMACEUTICALS, INC.

    __X__ MYLAN BERTEK PHARMACEUTICALS INC.

    __X__ UDL LABORATORIES, INC.

    _____ OTHER (**Defendant allegations to be set forth on an attached document and incorporated by reference**)

## SPECIFIC ALLEGATIONS AND THEORIES OF RECOVERY

9. The following claims and allegations asserted in the Master Complaint and the allegations with regard thereto in the Master Complaint are herein adopted by reference:

    __X__ **INTRODUCTION;**

___X_____PARTIES;

___X_____JURISDICTION AND VENUE;

___X_____FACTUAL ALLEGATIONS;

___X_____COUNT ONE (Product Liability – Failure to Warn and Instruct);

___X_____COUNT TWO (Product Liability - Manufacturing Defect);

___X_____COUNT THREE (Product Liability-Design Defect);

___X_____COUNT FOUR (Negligence);

___X_____COUNT FIVE (Negligence Per Se);

___X_____COUNT SIX (Breach of Implied Warranty);

___X_____COUNT SEVEN (Breach of Express Warranty);

___X_____COUNT EIGHT (Negligent Misrepresentation);

___X_____COUNT NINE (Intentional Misrepresentation);

___X_____COUNT TEN (Fraud);

___X_____COUNT ELEVEN (Constructive Fraud);

___X_____COUNT TWELVE (Violation of W.Va. Consumer Protection Statute);

___X_____COUNT THIRTEEN (Violation of Applicable Consumer Protection and/or Unfair Trade Practices Statutes);

___X_____COUNT FOURTEEN (Wrongful Death,);

___X_____COUNT FIFTEEN (Survival Action);

___X_____COUNT SIXTEEN (Medical Monitoring);

___X_____COUNT SEVENTEEN (Unjust Enrichment);

___X_____COUNT EIGHTEEN (Medicare Secondary Payer Act);

___X_____COUNT NINETEEN (Loss of Consortium);

_____COUNT TWENTY (State Law Specific Cause of Action or Other Cause of Action to be set forth on an attached document and incorporated by reference).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff(s) seeks judgment favor against Defendant(s) as follows:

1. Economic and non-economic damages in an amount in excess of $75,000 as provided by law and to be supported by the evidence at trial;

2. For the equitable relief requested;

3. For compensatory damages according to proof;

4. For punitive damages;

5. For all applicable statutory damages under the Medicare Secondary Payer Act and the applicable consumer protection legislation;

6. For declaratory judgment that Defendant(s) is/are liable to Plaintiff(s) for all evaluative, monitoring, diagnostic, preventative, and corrective medical, surgical, and incidental expenses, costs and losses caused by Defendants' wrongdoing;

7. For disgorgement of profits;

8. For an award of attorneys' fees and costs;

9. For prejudgment interest and the costs of suit; and

10. For such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff(s) hereby demand a trial by jury as to all claims in this action.

Date: <u>May 6, 2009</u>

Respectfully submitted:
Plaintiffs' Counsel

s/ Shamus B. Mulderig
Shamus B. Mulderig, Esq. TX SBN: 2406139
Hissey Kientz, L.L.P.
9442 Capital of Texas Hwy N., Suite 400
Austin, TX 78759
Phone: (512) 320-9100
Fax: (512) 320-9101
Email: smulderig@hkllp.com